Chad M. Nicholson, ISB #7506
Brit A. Kreimeyer, ISB #10061
McCONNELL WAGNER SYKES & STACEY PLLC
827 E. Park Blvd., Suite 201
Boise, Idaho 83702
Telephone:  208.489.0100
Facsimile:   208.489.0110
nicholson@mwsslawyers.com
kreimeyer@mwsslawyers.com

*Attorneys for LSP Products Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **SAFECO INSURANCE COMPANY OF ILLINOIS** as subrogee of Melissa Norris and Richard Meyers,<br><br>Plaintiff,<br><br>vs.<br><br>**LSP PRODUCTS GROUP, INC.**, and/or **JOHN/JANE DOES I-X**, whose true names and identities are presently unknown,<br><br>Defendants. | **Case No. 1:20-CV-436-REB**<br><br><br>**LSP PRODUCTS GROUP, INC.'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMES NOW,** Defendant LSP Products Group, Inc. ("LSP") by and through its attorneys of record, McConnell Wagner Sykes & Stacey, PLLC, and for its answer to Plaintiff's Complaint and Demand for Jury Trial ("Complaint"), admit, deny, allege, and answer as follows:

1.      Unless otherwise specifically admitted, LSP denies each and every allegation in the Complaint.

2.      LSP admits the allegations set forth in Paragraph 3 of the Complaint.

**LSP PRODUCTS GROUP, INC.'S ANSWER TO
COMPLAINT AND DEMAND FOR JURY TRIAL- Page 1**

3.      LSP denies the allegations set forth in Paragraphs 4, 7, 8, 10, 14, 15, 18-26, 32-38, 44-56, 62-65, 67, 68, 74-77, 79, 80, 86-95, 97-99, 106-109, and 116-121 of the Complaint.

4.      LSP lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraphs 1, 2, 5, 11, 27-29, 39-41, 57-59, 69-71, 81-83, 100-102, 110-112, 115, and 122-124 and therefore denies the same.

5.      LSP asserts that no response is required to Paragraphs 6, 66, 78, 96, and 105 but to the extent responses are required, LSP denies the allegations of such Paragraphs.

6.      In response to the allegations set forth in Paragraphs 9, 12, and 13 of the Complaint, LSP admits that the subject water supply line was to be used for a toilet but denies the remaining allegations.

7.      In response to the allegations set forth in Paragraphs 17, 31, 43, 61, 73, 85, 104, and 114, LSP admits that it has made and sold flexible supply lines including those with plastic nuts but denies the remaining allegations.

8.      In response to the incorporated allegations set forth in Paragraphs 16, 30, 42, 60, 72, 84, 103, and 113 of the Complaint, LSP reincorporates its responses to the allegations.

## AFFIRMATIVE DEFENSES

The following defenses are not stated separately as to each claim for relief or allegation of Plaintiff.  Nevertheless, the following defenses are applicable, where appropriate, to any and all of Plaintiff's claims for relief.  LSP, in asserting the defenses, does not admit that the burden of proving the allegations or denials contained in this Answer is upon LSP, but, to the contrary, assert that by the reason of these denials, and by reason of relevant statutory and judicial authority, the burden of proving the inverse of the allegations contained in many of the defenses is upon Plaintiff.

Moreover, LSP does not admit, in asserting any defense, any responsibility or liability, but, to the contrary, specifically deny any and all allegations of responsibility and liability in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every purported cause of action alleged therein against LSP fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief against LSP are barred based upon the individual and collective legal principles of laches, estoppel, and/or waiver.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages and protect it from avoidable consequences.

## FOURTH AFFIRMATIVE DEFENSE

LSP has, at all times, acted in good faith with a reasonable basis for its actions.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff, through its unreasonable and unexplained delay in submitting its claims, should be barred from now asserting its claim because the lapse of time has prejudiced LSP.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damage claims are too speculative to be recoverable under Idaho law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part by the statute of limitations, specifically including, but not necessarily limited to, Idaho Code Section 6-1403.

//

//

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused due to the fault, negligence or omissions of other third parties or Plaintiff, and the fault, negligence, and/or omissions of those third parties or Plaintiff must be compared with the fault, if any, of LSP.

## NINTH AFFIRMATIVE DEFENSE

The damages claimed by Plaintiff were not proximately caused by LSP's alleged acts or omissions.

## TENTH AFFIRMATIVE DEFENSE

LSP alleges that the Plaintiff was actively negligent in and about the matters referred to in said Complaint, and such active negligence on the part of Plaintiff proximately and concurrently contributed to the happening of the loss or damage complained of, if any there were.

## ELEVENTH AFFIRMATIVE DEFENSE

LSP alleges that other persons and entities not parties to this lawsuit were themselves responsible for the Plaintiff's damages, if any there were.  LSP requests that its liability, if any, be assessed and proportioned to the liability of the other persons and entities who are not parties to this action, and that LSP be required to pay only for its proportionate share of fault, if any there be.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the economic loss rule.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff's Complaint states a cause of action for Breach of Warranty, LSP asserts that, upon information and belief, Plaintiff failed to comply with the applicable provisions of Idaho Law, failed to give reasonable notice to LSP of the alleged breaches of warranty, and therefore, such Plaintiff is barred from any recovery in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

LSP reserves the right to assert any additional affirmative defenses or matters in avoidance that may be disclosed in the course of additional investigation and discovery, including but not limited to, other claims of set-off, waiver, latches, statute of limitations, assumption of risk, estoppel, failure of consideration, fraud, illegality, payment, release, and statute of frauds.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against LSP should be dismissed because Plaintiff has failed to join indispensable parties.

## SIXTEENTH AFFIRMATIVE DEFENSE

LSP alleges that it was not involved in placing the subject product into the stream of commerce.

## SEVENTEENTH AFFIRMATIVE DEFENSE

LSP alleges that the subject product has not been shown to have any alleged design or manufacture defect.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The benefits of the challenged design of the products alleged in the Complaint are outweighed by any risk of danger inherent in the design of such products.

## NINETEENTH AFFIRMATIVE DEFENSE

Any warning or instructions given by LSP was adequate to avoid injury to person(s) or property from any inherent dangers of the products alleged in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

Any purported defect in the products alleged in the Complaint were caused by alteration, in and/or modification of the product after its purchase.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Any purported defect in the products alleged in the Complaint resulted from misuse of the product by third parties.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent the product was being used in a reasonable manner appropriate to the purpose for which it was intended, recovery against LSP is barred.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

There was no defect in the product at the time that it left the possession of LSP.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

LSP affirmatively pleads that at the time the product at issue left the control of LSP, the product was in conformity with the generally recognized state of the art applicable to the safety of the product at the time the product was designed, manufactured, and packaged.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies on any theory of breach of warranty, Plaintiff did not rely on any such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

LSP affirmatively pleads that Plaintiff's damages for breach of warranty, if any, are limited to the damages expressly in the warranty.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

LSP affirmatively pleads that Plaintiff is not entitled to recover for breach of warranty to the extent that any applicable warranty has been disclaimed, limited, excluded, or modified.

**LSP PRODUCTS GROUP, INC.'S ANSWER TO
COMPLAINT AND DEMAND FOR JURY TRIAL- Page 6**

**RULE 11 STATEMENT**

LSP has considered and believes that it may have additional defenses, but does not have enough information at this time to assert additional defenses under Rule 11 of the Federal Rules of Civil Procedure. LSP does not intend to waive any such defenses and specifically asserts its intention to amend this answer if, pending research and after discovery, facts come to light giving rise to such additional defenses.

**PRAYER FOR RELIEF**

**WHEREFORE**, LSP prays for a judgment against Plaintiff as follows:

1.      That Plaintiff take nothing by way of its Complaint;

2.      That LSP be awarded its costs and attorneys' fees incurred herein pursuant to, *inter alia,* Idaho Code §§ 12-120(3) and 12-121 and Federal Rule of Civil Procedure 11; and

3.      For such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38, LSP hereby demands a trial by jury on all issues so triable.

**DATED** this 21st day of October 2020.

McCONNELL WAGNER SYKES & STACEY PLLC

_____/s/ Chad M. Nicholson_____

By:     Chad M. Nicholson
        Attorneys for LSP Products Group, Inc.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 21st day of October 2020, a true and correct copy of the foregoing document was served via CM/ECF system upon the following parties:

| | |
|---|---|
| Jason R. N. Monteleone<br>JOHNSON & MONTELEONE, LLP<br>350 North Ninth Street, Suite 500<br>Boise, Idaho 83702<br>Telephone: (208) 331-2100<br>Facsimile: (208) 947-2424 | jason@treasurevalleylawyers.com<br><br>*Attorneys for Plaintiff* |

_/s/ Chad M. Nicholson_
Chad M. Nicholson

**LSP PRODUCTS GROUP, INC.'S ANSWER TO
COMPLAINT AND DEMAND FOR JURY TRIAL- Page 8**