UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF ILLINOIS, | Case No. 1:20-cv-00436-DCN |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| LSP PRODUCTS GROUP, INC., | |
| Defendants. | |

## I. INTRODUCTION

Pending before the Court is Defendant LSP Products Group's Motion for Award of Attorney Fees and Costs. Dkt. 49. The Court has reviewed the record and briefs and finds that the facts and legal arguments are adequately presented. Therefore, to avoid further delay, the Court address the motion without oral argument. *See* Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons below, the Court DENIES the motion.

## II. BACKGROUND

The Court has already explained the factual background of this case and incorporates that background by reference. *See* Dkt. 47, at 1–3.

In 2012, two people purchased a home that flooded when a water line broke. Dkt. 47, at 1. The buyers' insurance provider, Safeco Insurance Company of Illinois ("Safeco"), covered the buyers' losses and sued LSP Products Group ("LSP"), for poor manufacture of the water line. *Id.*

MEMORANDUM DECISION AND ORDER - 1

In 2018, Safeco sued in Nevada state court. Dkt. 51-1, at 3. The state court granted LSP's motion to dismiss for forum non conveniens and in 2020 modified its order, conditioning the dismissal on LSP waiving any statute of limitation argument. *Id*. at 11.

That same year, Safeco invoked this Court's diversity jurisdiction and brought eight claims against LSP: seven tort claims and one breach of warranty claim. Dkt. 47, at 3. Safeco also requested attorney fees and costs "as provided by statute" but did not specify which statute. Dkt. 1, at 23.

LSP moved for summary judgment on all the claims due to the economic loss rule. Dkt. 28. In its response, Safeco argued that the economic loss rule did not apply because the damage was done to the house, which was not the subject of the transaction. Dkt. 34-1, at 15. Safeco asserted that the subject of the transaction was the defective plumbing product that caused the water line to burst. *Id*. at 15–16. In its reply, LSP argued that the subject of the transaction was the house. Dkt. 36, at 5.

At the hearing for summary judgment, Safeco asked the Court to dismiss the breach of warranty claim, which the Court did pursuant to Federal Rule of Civil Procedure 41(a)(2). Dkt. 27, at 2.

Ultimately, the Court granted LSP's motion for summary judgment, rejecting Safeco's contention that the underlying contract was the installer's purchase of the plumbing product. *Id*. at 9. Instead, the Court accepted LSP's assertion that the house was the proper subject of the transaction. *Id*.

LSP timely moved for attorney fees and costs pursuant to Idaho Code sections 12-120 and 12-121. Dkt. 49, at 1; Dkt. 49-1, at 3. LSP argues that it is entitled to attorney fees

under Idaho Code Section 12-120 on all of Safeco's claims because LSP is the prevailing party and the basis for the claims was a commercial transaction. Dkt. 49-1, at 3–7. Alternatively, LSP argues that it is entitled to attorney fees for the breach of warranty claim because that was based on a contract relating to the sale of goods. *Id*. at 7–9. Finally, LSP argues that it is entitled to attorney fees for the breach of warranty claim under Idaho Code Section 12-121 because the claim was frivolous. *Id*. at 9–10.

Safeco does not dispute that LSP was the prevailing party but argues that LSP is not entitled to attorney fees under Section 12-120 for any of Safeco's claims, including breach of warranty, because LSP never alleged the existence of a commercial transaction or contract between the parties. Dkt. 51, at 11. Safeco also argues that LSP is not entitled to fees under Section 12-121 because that statute does not apply to diversity proceedings but that even if it did, the breach of warranty claim was not frivolous. *Id*. at 15–17. Finally, Safeco argues that the amount of attorney fees requested is unreasonable. *Id*. at 17–19.

### III. ANALYSIS

"State law establishes the required showing for attorney's fees in an action in diversity." *Winterrowd v. American General Annuity Ins. Co.,* 556 F.3d 815, 827 (9th Cir. 2009). The two Idaho statutes under which LSP requests attorney fees will be examined in turn.

#### A. Section 12-120(3)

Section 12-120(3) of the Idaho Code provides:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise,

or services and in any commercial transaction unless otherwise
provided by law, the prevailing party shall be allowed a
reasonable attorney's fee to be set by the court, to be taxed and
collected as costs.

The term "commercial transaction" is defined to mean all
transactions except transactions for personal or household
purposes. . .

In other words, parties are awarded attorney fees under this statute if (1) they prevail in a
civil action involving a commercial transaction; or (2) they prevail in a civil action to
recover on a contract relating to the purchase or sale of goods. *Nelson v. Anderson Lumber
Co.*, 99 P.3d 1092, 1105 (Idaho Ct. App. 2004). LSP argues that it is entitled to attorney
fees under both provisions of the statute. Dkt. 49-1, 3–9.

### 1. Commercial transaction

For purposes of the statute, a civil action involving a commercial transaction is one
where the transaction "comprise[s] the gravamen of the lawsuit," which means that the
transaction is integral to the claim and the basis for recovery.  *Simono v. House*, 379 P.3d
1058, 1062 (Idaho 2016) (cleaned up). If the opposing party alleges the existence of such
a transaction, then attorney fees can be awarded even if the transaction did not in fact exist.
*See, e.g., Miller v. St. Alphonsus Regional Medical Ctr., Inc.*, 87 P.3d 934, 938 (Idaho
2004) (affirming award of attorney fees because opposing party alleged contractual
relationship between himself and prevailing party). The opposing party must allege that the
commercial transaction was between the parties in the lawsuit. *First Bank of Lincoln v.
Land Title of Nez Perce Cnty., Inc.*, 452 P.3d 835, 846–47 (Idaho 2019) (holding prevailing
party was not entitled to attorney fees because opposing party alleged transaction between

itself and nonparty).

In this case, LSP does not argue that a commercial transaction actually existed but that Safeco alleged the existence of one. Dkt. 49-1, at 5–6. LSP argues that Safeco made this allegation twice, once implicitly and once explicitly. *Id*. The first (implicit) allegation occurred in the complaint, in which Safeco requested "a reasonable attorney fees and costs of suit, together with interest as provided by statute." *Id*. at 6; Dkt. 1, at 23. The second (explicit) allegation was made in the motion opposing summary judgment, where Safeco alleged that "the underlying contract that is the subject of this lawsuit is the installer's purchase of the [plumbing] Product." Dkt. 34-1, at 15–16. The Court concludes that neither statement is an allegation of a commercial transaction.

### a. Implicit allegation

LSP argues that Safeco's request for attorney fees in the complaint is an implicit allegation that a commercial transaction existed between the parties because "the only provision allowing for fees in these circumstances is Idaho Code § 12-120(3)." Dkt. 49-1, at 6. LSP explains that "[t]he other portions of § 12-120, which provide for attorney fees in civil actions, involve only claims that are for less that [sic] the jurisdictional amount of this Court sitting in diversity under 28 U.S.C. § 1332(a)." *Id*. at 6–7. LSP relies on *Simono*, in which plaintiff moved for attorney fees and the Idaho Supreme Court concluded that she alleged the existence of a commercial transaction. *Simono*, 379 P.3d at 1060, 1062.

LSP's argument is unpersuasive. First, LSP does not show why the request for attorney fees must be confined to Section 12-120 of Idaho's code. A request for attorney fees under a different statute is compatible with the circumstances of this lawsuit. Second,

LSP's analogy to *Simono* is superficial. In *Simono*, the plaintiff filed a motion for attorney fees under Idaho Code Section 12-120(3). *Id*. at 1060. Furthermore, the court in *Simono* did not rely on the plaintiff's request for fees in determining that she had alleged a commercial transaction. *See generally id*. Her request for fees was not even mentioned in the court's analysis. Therefore, Safeco's generic request for attorney fees in the complaint does not constitute an allegation that a commercial transaction occurred.

### b. Explicit allegation

LSP next argues that Safeco explicitly alleged the existence of a commercial transaction because "Plaintiff contended in its opposition to LSP's motion for summary judgment that a commercial transaction formed the basis of the cause of action against LSP." Dkt. 49-1, at 5. LSP cites two statements from the motion: (1) "the purchase of the Residence is not the subject of the transaction, but rather the installer[']s purchase of the Product;" and (2) "the underlying contract that is the subject of the lawsuit is the installer's purchase of the Product. The purchase of the Residence is not the subject of this lawsuit . . . ." *Id*. at 5–6; Dkt. 34-1, at 15–16.

LSP's argument is deficient. The statements above show that Safeco alleged the existence of a contract between the installer and supplier of the plumbing product, but the installer and supplier are not parties. Therefore, because LSP has not shown that Safeco alleged the existence of a contractual relationship between itself and LSP, LSP is not entitled to attorney fees on claims arising out of that relationship.

### 2. Sale of goods

Unlike attorney fees based on a commercial transaction, attorney fees based on a

contract relating to the sale of goods cannot be awarded if the contract is merely the gravamen of the lawsuit. Rather, "the action itself must be one to recover on the contract." *Nelson*, 99 P.3d at 1105 (cleaned up). Breach of warranty is not an action to recover on a contract. *See, e.g., Day v. CIBA Geigy Corp.*, 772 P.2d 222, 225–26 (Idaho 1989) (affirming lower court's rejection of attorney fees because breach of warranty is not action to recover on contract). However, as with attorney fees based on a commercial transaction, the prevailing party can recover attorney fees if a contract relating to the purchase or sale of goods did not exist, so long as the opposing party alleged its existence. *Id*.

LSP seeks attorney fees relating to Count VII, Safeco's breach of warranty claim. Dkt. 49-1, 7–9. LSP does not contend that there was an actual contract relating to the sale of goods, only that Safeco's claim for breach of warranty constitutes an allegation of one. *Id*. LSP relies on *Nelson*, where plaintiffs alleged breach of contract and breach of warranty against defendants. 99 P.3d at 1097. In that case, the court concluded that even though no contract existed between the plaintiff and defendant, the plaintiff's allegations were sufficient to trigger an award of attorney fees. *Id*. at 1105. Accordingly, LSP reasons that Safeco's allegation of breach of warranty should be sufficient here. Dkt. 49-1, at 8.

LSP's reliance on *Nelson* is misplaced. The plaintiff in *Nelson* alleged breach of contract in addition to breach of warranty. 99 P.3d at 1097. When the court in *Nelson* determined that the plaintiff's allegations triggered the application of the attorney fees statute, it relied exclusively on the allegation of breach of contract. *Id*. at 1105. Unlike the plaintiff in *Nelson*, Safeco alleged only breach of warranty in this lawsuit. Therefore, because Safeco did not allege breach of contract, LSP cannot receive attorney fees based

on a contract relating to the sale of goods.

## B. Section 12-121

Section 12-121 of the Idaho Code provides for attorney fees when the losing party

brings a frivolous action:

> [i]n any civil action, the judge may award reasonable
> attorney's fees to the prevailing party or parties when the judge
> finds that the case was brought, pursued or defended
> frivolously, unreasonably or without foundation.

Unlike Section 12-120(3), which provides that attorney fees *shall* be awarded to the

prevailing party, Section 12-121 provides that attorney fees *may* be awarded. *See, e.g.,*

*Michalk v. Michalk*, 220 P.3d 580, 591 (Idaho 2009) (confirming award of attorney fees

under Section 12-121 is discretionary). Idaho Rule of Civil Procedure Rule 54(e)(2)

provides the framework by which a court can exercise its discretion and award attorney

fees:

> *Pursuant to Idaho Code Section 12-121.* Pursuant to the
> statutory amendment effective March 1, 2017, attorney fees
> under Idaho Code Section 12-121 may be awarded by the court
> only when it finds that the case was brought, pursued or
> defended frivolously, unreasonably or without foundation,
> which finding must be in writing and include the basis and
> reasons for the award. No attorney fees may be awarded
> pursuant to Idaho Code Section 12-121 on a default judgment.

When a court addresses a motion for attorney fees, "the entire course of the litigation

must be taken into account." *Nampa & Meridian Irr. Dist. v. Washington Federal Sav.*, 20

P.3d 702, 708 (Idaho 2001). Once taken into account, the court may award attorney fees if

it "is left with the abiding belief that the case was brought, pursued, or defended frivolously,

unreasonably, or without foundation." *Michalk*, 220 P.3d at 591. Conversely, if the court

determines that "there is a legitimate, triable issue of fact," it cannot award attorney fees. *Nampa & Meridian Irr. Dist.*, 20 P.3d at 708.

As a preliminary matter, Safeco argues that this statute is inapplicable because it is procedural, not substantive. Dkt. 51, at 15. Safeco cites case law supporting its position. *Id*. LSP has not responded to Safeco's argument.

When a federal court sits in diversity jurisdiction, it applies state substantive law and federal procedural law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Although it is sometimes unclear whether a law is substantive or procedural, the Ninth Circuit has specifically held that Idaho Code Section 12-121 is not state substantive law. *Bell v. City of Kellog*, 922 F.2d 1418, 1425 (9th Cir. 1991). In *Bell*, when appellants requested attorney fees pursuant to Idaho Code Section 12-121 and Idaho Rule of Civil Procedure 54(e), the court determined that those provisions "create[d] no substantive right to attorneys' fees under Idaho law." 922 F.2d at 1425. Instead, the court found that the provisions were "procedural in nature," citing *Matter of Comstock*, 16 B. R. 206, 209-10 (Bankr. D. Idaho 1981). *Id*. In *Comstock*, the bankruptcy court held that Section 12-121 does not apply when a federal court is sitting in diversity jurisdiction. *Comstock*, 16 B.R. at 209-10. Accordingly, the court in *Bell* did not apply the Idaho statutory provisions and analyzed appellant's request under Federal Rule of Appellate Procedure 38, which provides for attorney fees in a frivolous appeal, even though appellant did not request fees pursuant to federal law. 922 F.2d at 1425.

Therefore, in this case the Court will not apply Idaho Code Section 12-121 or Idaho Rule of Civil Procedure 54(e) but will analyze LSP's request under analogous federal law,

that is, under the Court's inherent power to assess fees against parties acting in bad faith. *See Comstock*, 16 B.R. at 209–10 (explaining that court's inherent right to control vexatious practices is "similar in thrust and effect to Idaho Code 12-121").

Courts have inherent power to assess attorney fees against a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, at 45–46 (1991) (cleaned up). Bad faith exists when "the legal and factual basis for the action [is] totally frivolous" or when the claim is colorable but brought with an improper purpose. *BKB v. Maui Police Dept.*, 276 F.3d 1091, 1108 (9th Cir. 2002). Courts should exercise their discretion to award attorney fees "only in exceptional cases and for dominating reasons of justice." *Beaudry Motor Co. v. Abko Props., Inc.*, 780 F.2d 751, 756 (9th Cir. 1986).

Such exceptional cases can occur when a plaintiff brings a cause of action after the statute of limitations has expired. In *Beaudry*, for example, the plaintiff filed his complaint nine years after the statute of limitations had run for his federal claim, seven years after the statute of limitations had run for one of his state law claims, and nine years after his other state law claim. *Id*. At the summary judgment hearing, plaintiff voluntarily abandoned one of his claims and changed his theory for the relief he sought. *Id*. The court concluded that bad faith existed and affirmed the district court's award of attorney fees. *Id*. at 756–57.

In this case, LSP argues that attorney fees should be awarded for Safeco's breach of warranty claim because (1) the statute of limitations expired three years before Safeco brought their claim in Nevada state court and six years before Safeco brought their claim here; and (2) Safeco moved to dismiss the claim at the summary judgment hearing without

ever having provided a legal or factual basis for it. Dkt. 49-1, at 9–10.

In response, Safeco makes three arguments: (1) Safeco justifiably believed that the breach of warranty claim was not barred by the statute of limitations because the Nevada court granted LSP's motion to dismiss for forum non conveniens on the condition that LSP waive any statute of limitations arguments; (2) Safeco's voluntary dismissal of the claim evinces good faith; and (3) LSP admits that the issues in the case were novel and difficult. Dkt. 51, at 16–17.

The Court finds that, on balance, Safeco's arguments are more convincing. When the Nevada court granted LSP's motion to dismiss for forum non conveniens, its order included the following language:

> The defendant's motion to dismiss is granted on condition that the defendant waive any jurisdiction, state [sic] of limitations, and forum non conveniens arguments, as to the claims asserted in the plaintiff's Complaint, so long as the plaintiffs file a new lawsuit[], by September 24, 2020, which is 90 days from entry of the remittitur.

Dkt. 51-1, at 11. This order supplied Safeco with a good faith basis that its breach of warranty action in this Court would be timely. *See Seven Arts Filmed Entertainment Ltd. V. Content Media Corp.*, 2011 WL 13220422 at *4 (C.D. Cal. Oct. 27, 2011) (rejecting fee award because favorable court ruling in other jurisdiction provided good faith basis that claim would be timely). Although LSP reasonably argues that Nevada's order was not entitled to preclusive effect because it was not a final judgment, LSP has not shown that Safeco's reliance on the Nevada order was unreasonable. Dkt. 51, at 3; Dkt. 28-1, at 19–22. In other words, there was at least "a colorable argument" that the breach of warranty

claim was not barred by the statute of limitations. *Seven Arts*, 2011 WL 13220422 at *4.

Additionally, LSP alleges that the issues this case presented were "novel and difficult." Dkt 49-1, at 12. Specifically, LSP alleges that "the application of Idaho's economic loss rule and UCC provisions regarding statutes of limitations" were "relatively novel and difficult questions." *Id.* However, the only claim in this case involving the UCC provisions regarding the statute of limitations was the breach of warranty claim. *See* Dkt. 28-1, at 16–19. Therefore, LSP has conceded that the breach of warranty claim involved novel and difficult questions. This concession weighs against assessing attorney fees against Safeco.

Admittedly, the Court is concerned with the timing of Safeco's voluntary dismissal. In *Beaudry*, the Ninth Circuit held that the trial court's fee award was proper in part because plaintiff voluntarily abandoned his claim once defendant moved for summary judgment. *Beaudry*, 780 F.2d at 756. In this case, Safeco abandoned the breach of contract claim during the summary judgment hearing itself. Dkt. 47, at 2. Nevertheless, given Safeco's reasonable reliance on the Nevada court's order and LSP's concession that the breach of warranty claim presented novel and difficult questions, this lawsuit is not "an exceptional case" in which the Court should punitively award attorney fees. *Beaudry,* 780 F.2d at 756.

## IV. CONCLUSION

LSP has not established that it is entitled to attorney fees under Idaho Code Sections 12-120 or 12-121. Also, LSP has not shown why the Court should exercise its inherent power to assess attorney fees for bad faith. Accordingly, the Court denies LSP's motion for attorney fees and costs.

## V. ORDER

It is HEREBY ORDERED:

1.  LSP's Motion for Award of Attorney Fees and Costs (Dkt. 49) be DENIED.

DATED: March 2, 2023

David C. Nye
Chief U.S. District Court Judge